IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RYAN JOSEPH SHIPLEY, )
)
    Plaintiff, ) No. 14-1533
)
v. )
)
CAROLYN W. COLVIN,
Commissioner of Social
Security,

    Defendant.

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for supplemental social security income benefits, alleging disability due to mental health impairments, beginning January 1, 2012. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff's motion rests on the ALJ's treatment of the opinion of Dr. Huang, a treating physician. An ALJ must give controlling weight to and adopt the medical opinion of a treating physician if it "is well-supported . . . and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue,

649 F.3d 193, 197 n. 2 (3d Cir. 2011). Faced with conflicting medical evidence, an "ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). The ALJ discharges his duty to address the treating physician opinions in the record if he explains why he finds "extreme limitations" inconsistent and not well supported by substantial evidence in the record. Baker v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 42769 (W.D. Pa. Mar. 31, 2014). As discussed supra, I may not re-weigh the evidence or undertake a de novo review; instead, I am confined to review of the record support for the findings and conclusions of the ALJ. Machen v. Colvin, 2013 U.S. Dist. LEXIS 86514, at *15 (W.D. Pa. June 20, 2013).

In this case, Dr. Huang completed a mental medical source statement indicating that Plaintiff had marked limitations in some areas, and extreme limitations in many others. The ALJ stated that he "reject[ed] this assessment as grossly inconsistent with the treatment records from Staunton Clinic. The treatment records noted that the claimant's medications were helping his condition, and mental status examinations were essentially normal and unremarkable." The ALJ afforded the contrary opinion of state agency source Dr. Schnepp significant weight, as consistent with the records from Staunton Clinic.[1] The ALJ also thoroughly discussed the Staunton Clinic records, including Plaintiff's GAF scores ranging from 45-60. Although Plaintiff points to aspects of the Clinic records that may indicate that his condition was often poor, the ALJ points to a substantial portion of those records that support his conclusions. While the term "grossly" may overstate the level of inconsistency, I cannot find the ALJ's decision to

---

[1] An ALJ "can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion." Hansford v. Astrue, 2013 U.S. Dist. LEXIS 54291, at **6-7 (W.D. Pa. Apr. 15, 2013)

3

reject Dr. Huang's opinion unsupported by substantial evidence.   That I might have weighed the evidence differently cannot affect the outcome of my analysis today.

## CONCLUSION

In sum, Plaintiff's Motion will be denied, and Defendant's granted.  An appropriate Order follows.

## ORDER

AND NOW, this 5th day of May, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court